IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANTIAGO TRUJILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WELLS FARGO BANK, N.A. and | § | CIVIL ACTION NO. H-13-2444 |
| AMERICAN HOMES 4 RENT | § | |
| PROPERTIES TWO LLC, A | § | |
| DELAWARE LIMITED LIABILITY | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending are Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Summary Judgment and Motion to Dismiss with Prejudice Pursuant to FRCP 12(b)(6) (Document No. 17) and Plaintiff Santiago Trujillo's ("Plaintiff") Motion to Deny Defendant's Motion to Dismiss and Motion for Summary Judgment (Document No. 19). After carefully considering the motions and applicable law, the Court concludes as follows.

I. Background

On July 24, 2003, Plaintiff executed a note (the "Note") to Wells Fargo Home Mortgage, Inc. in the original principal amount of $154,236.00, secured by a Deed of Trust (the "Deed of Trust"), to finance the debt on real property located at 20238 Eden Pine,

Spring, Texas 77379 (the "Property").[1] On February 13, 2011, Wells Fargo, then the holder of the Note, sent to Plaintiff a letter informing him that his loan was in default and that he needed to pay $3,438.14 by March 15, 2011, in order to avoid acceleration and eventual foreclosure.[2] Plaintiff failed to cure the default.[3]

On March 7, 2013, Wells Fargo sent to Plaintiff certified letters to each of two different addresses, notifying him that the note was accelerated and a foreclosure sale was set for April 2, 2013.[4] One of the certified letters was sent to the address of the mortgaged property, 20238 Eden Pine, Spring, TX 77379, and the other letter was sent to the residence where Plaintiff lived, 9 Rolling Glen Ln, Tomball, TX 77375.[5] Only the letter sent to the address of the Property was returned as "unclaimed."[6] On March 11, 2013, Wells Fargo's foreclosure representative also posted and recorded a notice of the potential sale in the Harris County Real Property Records.[7] Plaintiff pleads that on or about March 26, 2013, Plaintiff's ex-wife, who had been living in the Property,

---

[1] Document No. 11 ¶ 8.

[2] Id., ex. E at 1 of 2.

[3] Document No. 17 ¶ 8.

[4] Id., ex. H at 2 of 13 to 8 of 13.

[5] Id., ex. H at 1 of 3, 7 of 13.

[6] Id., ex. H at 12 of 13.

[7] Document No. 17 ¶ 9.

vacated the premises.[8] Plaintiff pleads that it was on or about March 26th, when his ex-wife vacated the mortgaged property, that he contacted Wells Fargo in an attempt to modify the existing loan.[9] Plaintiff alleges that he spoke with a Wells Fargo representative who advised him "to provide some documentation to start the process for the modification," and that starting the modification process would delay the foreclosure sale for one month.[10] On March 26, 2013, Wells Fargo sent to Plaintiff at his Rolling Glen Lane home a letter reminding him that the foreclosure sale was scheduled for April 2, 2013, that Wells Fargo had not heard from Plaintiff or received necessary documentation to determine his eligibility for mortgage assistance, and that now there was not enough time to review his loan mortgage assistance option and make a decision prior to the foreclosure sale.[11] Wells Fargo's substitute trustee proceeded to conduct a foreclosure sale as scheduled on April 2, 2013, and the property was sold to American Homes 4 Rent Properties Two LLC ("American Homes") for the sum of $162,500.[12]

---

[8] Document No. 11 ¶ 9.

[9] Document No. 11 ¶ 10.

[10] Id.

[11] Id., ex. F at 1 of 2.

[12] Document No. 17 ¶¶ 11, 47.

3

Plaintiff filed suit against Wells Fargo as the owner and/or holder of the Note and Deed of Trust asserting claims for breach of contract, wrongful foreclosure, violations of the Texas Debt Collection Practices Act ("TDCPA"), and negligence *per se* related to Wells Fargo's foreclosure sale of the Property.[13] Wells Fargo moves for summary judgment on Plaintiff's claims, and for its attorneys' fees incurred in defending this lawsuit.

## II. Motion for Summary Judgment

A. Legal Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he

---

[13] Plaintiff also sued American Homes. Wells Fargo in its Motion at Footnote 1 represents that on January 9, 2014, "the Court dismissed American Homes pursuant to a Joint Stipulation of Dismissal [Document No. 9]." The Court's file does not reflect such a stipulation between Plaintiff and American Homes, nor an Order dismissing American Homes.

4

nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Id. 56(c)(3).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the fact finder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better

course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

B. <u>Analysis</u>

1. Breach of Contract

Plaintiff alleges Wells Fargo breached its contract with Plaintiff by failing to provide notice of foreclosure and acceleration as required by the Note, the Deed of Trust, and the Texas Property Code.[14] The Deed of Trust outlines the notice requirements for acceleration and foreclosure sale. As to acceleration, the Deed of Trust requires that the lender give notice specifying

> (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.[15]

The Note also requires notice prior to acceleration, stating

> [i]f [Plaintiff is] in default, the Note Holder may send [Plaintiff] a written notice telling [Plaintiff] that if

---

[14] Document No. 11 ¶¶ 19-20.

[15] Document No. 17, ex. C ¶ 22.

> [he does] not pay the overdue amount by a certain date,
> the Note Holder may require [Plaintiff] to pay
> immediately the full amount of Principal which has not
> been paid and all the interest that [Plaintiff owes] on
> that amount. That date must be at least 30 days after the
> date on which the notice is mailed to me or delivered by
> other means.[16]

The uncontroverted summary judgment evidence is that Wells Fargo sent to Plaintiff a notice on February 13, 2011 stating that Plaintiff's loan was "in default for failure to make payments due," "[t]o avoid the possibility of acceleration, [Plaintiff] must pay [$3,438.14] on or before March 15, 2011 in CERTIFIED funds, to **Wells Fargo Home Mortgage, 1200 W 7th Street, Suite L2-200, Los Angeles, CA 90017**," that Plaintiff had the right to reinstatement after acceleration, and that "[i]f foreclosure is initiated, [Plaintiff had] the right to argue that [he] did keep his promises and agreements . . . and to present any other defenses that [he may have] had."[17] Thus, Wells Fargo complied with the requirements for notifying Plaintiff of acceleration.

In regard to foreclosure, the Deed of Trust requires that

> [i]f Lender invokes the power of sale, Lender or Trustee
> shall give notice of the time, place and terms of sale by
> posting and filing the notice at least 21 days prior to
> sale as provided by Applicable Law. Lender shall mail a

---

[16] Id., ex. B ¶ 6(C).

[17] Id., ex. E at 1 of 2 (emphasis in original).

>     copy of the notice to Borrower in the manner prescribed
>     by Applicable Law.[18]

The Deed of Trust states that "[t]his Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located."[19]

The Texas Property Code (the "Property Code") requires that "notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of sale by . . . (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." TEX. PROP. CODE ANN. § 51.002(b) (West 2013). The Property Code further states that "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e); see WMC Mortgage Corp. v. Moss, No.01-10-00948-CV, 2011 WL 2089777, at *7 (Tex. App.-Houston [1st Dist.] May 19, 2011, no pet.) ("The purpose of notice under Section 51.002 is to provide a minimum level of protection to the debtor, and actual receipt of the notice is not necessary.").

---

[18] Id., ex. C ¶ 22.

[19] Id., ex. C ¶ 15.

The uncontroverted summary judgment evidence shows that on March 7, 2013--more than 21 days before the foreclosure sale on April 2, 2013--Wells Fargo mailed to Plaintiff the required notice of sale by certified mail, postage prepaid, to two different addresses, including Plaintiff's last known address. While Plaintiff disputes receiving notice, Plaintiff provides no evidence disputing that Wells Fargo mailed these notices to him at his address last known to Wells Fargo, and only conclusorily states that Wells Fargo breached its contract with Plaintiff. The debtor's receipt of the notice is not required under Texas law, but only that the lender comply with the contractual and statutory requirements for sending the notice to the debtor postage prepaid, at the debtor's last known address, and Wells Fargo's proof establishes that it did so.

Plaintiff also alleges that he was advised that "by starting the modification process it would delay the foreclosure sale for one month,"[20] and that Wells Fargo breached its contract by foreclosing on April 2, 2013. "An agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." Milton v. U.S. Bank Nat. Ass'n, 508 F. App'x 326, 328-29 (5th Cir. 2013) (citing inter alia TEX. BUS. & COM. CODE ANN. § 26.02(a),(b) (West 1999).). Plaintiff provides no proof of any writing memorializing an agreement by

---

[20] Document No. 11 ¶ 10.

9

Wells Fargo to delay foreclosure. Wells Fargo is entitled to summary judgment on Plaintiff's breach of contract claim.

2. Wrongful Foreclosure

Plaintiff alleges that Wells Fargo's foreclosure was wrongful because proper notice was not given, there was no good faith basis to foreclose, and the substitute trustee's Deed inaccurately stated that all required notices were sent.[21] The uncontroverted evidence is that Plaintiff defaulted on his mortgage payments, and as discussed above, Wells Fargo properly provided all required notices. Thus, Wells Fargo is entitled to summary judgment on Plaintiff's wrongful foreclosure claim.[22]

3. Texas Debt Collection Practices Act

Plaintiff alleges that the TDCPA applies to the foreclosure process and that Wells Fargo violated § 392.304(a)(19) of the Texas

---

[21] Document No. 11 ¶¶ 23-25.

[22] Plaintiff's claim for "wrongful foreclosure" is properly read as a claim that the Wells Fargo was "wrong" to foreclose on the property because Plaintiff alleges Wells Fargo did not provide the appropriate notice. See Document No. 11 ¶¶ 23-26. To the extent that Plaintiff claims common law wrongful foreclosure, that claim fails because Plaintiff provides no summary judgment evidence to raise fact issues on the essential elements of such a claim: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.-Corpus Christi 2008, no pet.)

Financial Code by "fail[ing] to allow Plaintiff to pay the arrearages, as authorized by the Deed of Trust" and representing to plaintiff "that the property would not be on the foreclosure sale list and that an extension of one month would allow the Plaintiff an opportunity to go through the modification process."[23] Section 392.304(a)(19) prohibits "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

Plaintiff produces no summary judgment evidence to support his claim that the Deed of Trust authorized him to pay arrearages or that Wells Fargo had orally promised him an extension. The Deed of Trust provides that a borrower has the right to have the "enforcement of this Security instrument discontinued" if the borrower pays all sums due, cures default of any other covenants, pays expenses incurred in enforcing the Deed of Trust, and "takes such action as Lender may reasonably require" to assure that the parties rights, obligations, and interest remain unchanged.[24] Plaintiff produces no summary judgment evidence that Plaintiff met any of these conditions. Additionally, Plaintiff cites no authority stating that the misrepresentation of the ability to modify a loan is a violation of § 392.304(a)(19). See Thomas v. EMC Mortg. Corp., 499 F. App'x 337, 343 (5th Cir. 2012) (finding

---

[23] Document No. 11 ¶¶ 29-30.

[24] Document No. 17, ex. C ¶ 19.

that summary judgment was appropriate where the plaintiff "pointed to no summary-judgment evidence that banks misrepresented the amount owed" and did not "direct [the court] to any authority indicating that the banks' failure to modify their loan as promised constitutes a violation of Section 392.304(a)(19)"). Wells Fargo is entitled to summary judgment on Plaintiff's claim under the TDCPA.

4. Negligence *Per Se*

Plaintiff alleges that Wells Fargo was negligent *per se* because Wells Fargo "had a duty to Plaintiff to act in accordance with Texas law prior to foreclosing on the Property" and that Wells Fargo "failed to provide the required statutory notices" prior to foreclosing on Plaintiff's property. As previously observed, the evidence is uncontroverted that Wells Fargo complied with the requisite notice requirements. Plaintiff's negligence *per se* claim fails as a matter of law.

III. Attorneys' Fees

Relying upon the Deed of Trust, Wells Fargo seeks recovery of its attorneys' fees and costs. In a diversity case based on state law claims, state law controls both the award of fees and the reasonableness of fees awarded. Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may not

be recovered unless provided for by statute or contract. <u>Dallas Cent. Appraisal Dist. v. Seven Inv. Co.</u>, 835 S.W.2d 75, 77 (Tex. 1992) (citing <u>New Amsterdam Casualty Co. v. Texas Indus. Inc.</u>, 414 S.W.2d 914 (Tex. 1967)). The Deed of Trust authorizes Wells Fargo to recover attorneys' fees:

> If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, [or] (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations) . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . . Lender's actions can include, but are not limited to: . . . (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument . . . .[25]

Plaintiff does not respond to Wells Fargo's request for and proof of its attorneys' fees. Wells Fargo has corrrectly applied the "lodestar method," *see* <u>Forbush v. J.C. Penney Co.</u>, 98 F.3d 817, 821 (5th Cir. 1996), and has carried its burden of documenting a reasonable number of hours expended and customary hourly rates. *See* <u>Hensley v. Eckerhart</u>, 103 S. Ct. 1933, 1941 (1983).

After carefully reviewing the evidence, including the experience of counsel and the reasonableness of the hourly rates broken down between the senior attorney of record, associate

---

[25] Document No. 17, ex. C ¶ 9.

counsel, and paralegal, and the reasonable numbers of hours or fraction thereof expended by each, the Court finds that Wells Fargo is entitled to recover from Plaintiff a total of $11,525.00 for reasonable and necessary attorneys' legal fees, plus $844.00 in expenses.

## IV. Plaintiff's Motion

Plaintiff's one-page Motion to Deny Wells Fargo's Motion to Dismiss and Motion for Summary Judgment conclusorily charges Wells Fargo with "judicial misconduct" by disregarding court rules, witholding discovery/production, and that it "committed a conflict of interest by employing Johnson Deluca Kennedy & Kurisky." Plaintiff prays for denial of Wells Fargo's motion for summary judgment and for an award to Plaintiff of "reasonable sanctions against Defendant." Plaintiff's attached affidavit states that (1) Plaintiff "generally den[ies] all allegations" made in Wells Fargo's motion, (2) "[n]o depositions have been taken. Discovery incomplete," (3) a "[p]ossible conflict of interest exists through George Kurisky and Santiago Trujillo," and (4) George Kurisky "consulted/advised for me on some legal issues on my behalf in the past."[26] These conclusory statements do not raise a genuine issue of fact on any element of Plaintiff's claims nor any right of Plaintiff to recover sanctions against Defendant. Plaintiff's

---

[26] Document No. 19-2 at 1.

14

Motion to Deny Defendant's Motion to Dismiss and Motion for Summary Judgment (Document No. 19) is therefore denied.

V. Order

For the foregoing reasons, it is

ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Document No. 17) is GRANTED and Plaintiff Santiago Trujillo's claims against Wells Fargo are DISMISSED with prejudice; and Wells Fargo, N.A. shall have and recover from Plaintiff Santiago Trujillo its reasonable and necessary attorneys' fees and expenses in the total amount of $12,369.00, for which let execution issue if not seasonably paid.

Plaintiff's action against American Homes 4 Rent Properties, LLC, remains for trial.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 4TH day of December, 2014.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE